# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **MARY RENEE JERNIGAN,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 3:17-cv-03256-L |
| | § § | |
| **NATIONAL CREDIT ADJUSTERS, LLC.,** | § § | |
| *Defendant.* | § | |

## DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant National Credit Adjusters, LLC. ("**NCA**"), by and through its undersigned counsel, and files its Original Answer as follows:

### NATURE OF THE ACTION

1.  NCA admits that Plaintiff brings this action alleging violations of the Fair Debt Collection Practices Act ("**FDCPA**"), the Telephone Consumer Protection Act ("**TCPA**"), and the Texas Debt Collection Act ("**TDCA**"). However, NCA denies committing any violation of the consumer statutes.

### JURDISCTION AND VENUE

2.  NCA admits Paragraph 2.

3.  NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

**PARTIES**

4. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4; therefore, it denies the same.

5. NCA admits Paragraph 5.

6. NCA admits Paragraph 6.

7. NCA admits Paragraph 7.

8. NCA admits that as a limited liability company it acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers, but only so long as they act within the scope of their authority.

**FACTUAL ALLEGATIONS**

9. NCA admits to placing calls. NCA lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 9; therefore, it denies the same.

10. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11. NCA denies Paragraph 11.

12. NCA admits Paragraph 12.

13. NCA denies Paragraph 13.

14. NCA denies Paragraph 14.

15. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same.

16. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 16; therefore, it denies the same.

17. NCA denies Paragraph 17.

18. NCA admits placing multiple calls on the days listed. NCA lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 18; therefore, it denies the same.

19. NCA denies Paragraph 19.

20. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 20; therefore, it denies the same.

21. NCA denies Paragraph 21.

22. NCA denies Paragraph 22.

23. NCA denies Paragraph 23.

## COUNT I

24. NCA repeats and realleges the preceding paragraphs as though fully set forth herein.

25. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 25; therefore, it denies the same.

26. NCA admits that at times it qualifies as a debt collector under the FDCPA.

27. NCA admits that at times it qualifies as a debt collector under the FDCPA and that it is a member of the ACA.

28. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 28; therefore, it denies the same.

29. NCA generally admits Paragraph 29 but denies it is a complete and accurate statement of the law.

30. NCA denies Paragraph 30.

31. NCA denies Paragraph 31.

32. NCA generally admits Paragraph 32 but denies it is a complete and accurate statement of the law.

33. NCA admits Paragraph 33.

34. NCA denies Paragraph 34.

35. NCA denies Paragraph 35.

36. NCA generally admits Paragraph 36 but denies it is a complete and accurate statement of the law.

37. NCA denies Paragraph 37.

38. NCA denies Paragraph 38 and each of its subparts.

## COUNT II

39. NCA repeats and realleges the preceding paragraphs as though fully set forth herein.

40. NCA generally admits Paragraph 40 but denies it is a complete and accurate statement of the law.

41. NCA denies Paragraph 41.

42. NCA denies Paragraph 42.

43. NCA admits Paragraph 43.

44. Defendant denies Paragraph 44 and each of its subparts.

## COUNT III

45. NCA repeats and realleges the preceding paragraphs as though fully set forth herein.

46. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 46; therefore, it denies the same.

47. NCA admits at times it is a debt collector and/or third party debt collector under the TDCA.

48. NCA lacks knowledge or information sufficient to form a belief about the truth of Paragraph 48; therefore, it denies the same.

49. NCA generally admits Paragraph 49 but denies it is a complete and accurate statement of the law.

50. NCA denies Paragraph 50.

51. NCA denies Paragraph 51 and each of its subparts.

## **AFFIRMATIVE DEFENSES**

52. Any violation, if it occurred, was the result of a bona fide error.

53. Plaintiff's damages, if any, are the result of the actions of third parties over whom NCA has no control.

54. Plaintiff's damages, if any, were pre-existing damages not caused by NCA.

55. Plaintiff has failed to mitigate damages, if any.

56. Plaintiff proximately caused her own damages, if any.

57. Plaintiff has failed to state a claim against NCA upon which relief can be granted.

58. Plaintiff has not suffered a concrete, injury-in-fact.

WHEREFORE, PREMISES CONSIDERED, NCA respectfully prays that Plaintiff take nothing herein, that NCA be dismissed with their costs, and all other and further relief, at law or in equity, to which NCA may be justly entitled.

Dated: May 2, 2018.                                         Respectfully submitted,

        **MALONE AKERLY MARTIN PLLC**

        */s/* Robbie Malone
        ROBBIE MALONE
        State Bar No. 12876450
        Email: rmalone@mamlaw.com
        EUGENE XERXES MARTIN, IV
        State Bar No. 24078928
        Email: xmartin@mamlaw.com
        COOPER M. WALKER
        State Bar. No. 24098567
        Email: cwalker@mamlaw.com
        **MALONE AKERLY MARTIN PLLC**
        North Park Central, Suite 1850
        8750 North Central Expressway
        Dallas, Texas 75231
        P: (214) 346-2630 | F: (214) 346-2631

        *COUNSEL FOR NATIONAL CREDIT ADJUSTERS, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** on this 2nd day of May, 2018 to:

| | |
|---|---|
| **Nathan C. Volheim, Esq. #6302103** | **Taxiarchis Hatzidimitriadis, Esq. #6319225** |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |

        /s/ Robbie Malone
        ROBBIE MALONE